DLD-119                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3032
_____

JOSHUA BOWENS,
                            Appellant

v.

CO MATTHEWS; CO MATT; CO MARTIN; JOHN/JANE DOES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 2-17-cv-04800)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2019

Before: JORDAN, GREENAWAY, JR., and NYGAARD , Circuit Judges

(Opinion filed: April 2, 2019)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Joshua Bowens, a Pennsylvania state prisoner proceeding in

forma pauperis, appeals from the District Court's dismissal of a civil rights action he

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will summarily affirm the District Court's judgment.

I.

Bowens alleged that his civil rights were violated when the defendants, who are correctional officers at SCI Graterford, lost certain documents that he claims were necessary for his ongoing postconviction (PCRA) proceedings. Around June 5, 2017, Bowens was admitted to a psychiatric observation cell, and his property was confiscated by the defendants. Around June 12, 2017, Bowens returned to the unit where he was previously assigned, and most of his property was returned to him. However, he discovered that he was missing certain legal documents, related to his "mental health illness, defect, condition, treatment and history," which were considered by the trial judge who had presided over his sentencing in 2005.

Bowens alleged that he needed these documents in order to support his PCRA claim that trial counsel was ineffective for failing to investigate his mental health history and request a competency hearing. He filed an inmate grievance seeking the return of the documents. The grievance was denied. After that denial, in October 2017, Bowens filed his civil rights complaint against the defendants.

In December 2017, Defendant Matthews filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In February 2018, the District Court held a hearing on the motion. Based on representations from Bowens regarding the allegedly missing documents, the District Court ordered the defendants to produce two mental health

reports which had been ordered by the Court of Common Pleas of Philadelphia County during Bowens' criminal trial in state court. In March 2018, Matthews' counsel filed a supplement to the motion to dismiss, indicating that she had located a 2004 psychological reevaluation report from Bowens' school district and a 2005 mental health evaluation, both of which were ordered around the time of Bowens' conviction. Those reports were provided to the District Court and to Bowens.

Bowens then filed a response in which he stated that those reports were not the missing documents confiscated from his cell. He did not elaborate further on the documents that were allegedly missing, or explain what unique information they contained, in light of the two reports that were provided to him. Nor did he explain how the information in the missing reports would support his PCRA claim, although he did allege—in one paragraph in a discovery motion—that a reason given for the denial of his PCRA petition was his failure to produce those reports.

The District Court granted the motion to dismiss, and dismissed Matthews' complaint with prejudice. This timely appeal ensued.[1]

II.

---

[1] Although Bowens' timely motion under Federal Rule of Appellate Procedure 4(a)(5) requested an extension of 60 days to file a notice of appeal, the District Court properly granted him only 30 days, and Bowens timely filed his appeal within that extended period. See Fed. R. App. P. 4(a)(5)(C); cf. Hamer v. Neighborhood Hous. Servs. of Chicago, 138 S.Ct. 13, 17 (2017). On the same day that Bowens filed his notice of appeal, he also filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b). His notice of appeal here does not encompass the District Court's subsequent denial of the Rule 60(b) motion, as he did not file a new or amended notice of appeal from the order denying the Rule 60(b) motion. See Fed. R. App. P. 4(a)(4)(B)(ii).

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal under Rule 12(b)(6), W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010), and ask whether the complaint contained "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

III.

We agree with the District Court's determination that Bowens' primary claim is an access-to-the-courts claim. Thus, Bowens was required to plead that he suffered an actual injury, meaning his "efforts to pursue a legal claim" were prejudiced. Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). When a plaintiff alleges the loss of an opportunity to present a past legal claim, the underlying claim must be "nonfrivolous" or "arguable," and the plaintiff must "have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)). The complaint "must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Id. at 205-06 (citing Christopher at 416-

4

17).

Here, Bowens failed to allege a plausible access-to-the-courts claim. His complaint made only conclusory allegations that the unavailability of two mental health reports caused the denial of his PCRA petition. To the extent that Bowens described his PCRA claim at all, he did not describe it well enough to show that it is "nonfrivolous" or "arguable." Monroe, 536 F.3d at 205. Even if it were arguable, he did not allege any prejudice from the defendants' actions, as he failed to allege what specific information the confiscated mental health reports would have provided to support his PCRA claim. Moreover, we note that Bowens' PCRA petition was denied in September 2016, and his appeal was pending until May 2018, when the Superior Court affirmed. See Com. v. Bowen, No. 3159 EDA 2016, 2018 WL 2295672 at *2 (Pa. Super. 2018).[2] Bowens alleged that he had the two missing reports in his possession until June 5, 2017. Thus, his allegation that his PCRA claim was prejudiced by the defendants' confiscation of the reports is not plausible, as Bowens failed to submit the reports well before the defendants had confiscated them. See Oliver, 118 F.3d at 178.

Bowens' Due Process claims lack merit. Neither the negligent nor even the unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Bowens had, and pursued, adequate post-deprivation

---

[2] To the extent necessary, we take judicial notice of these facts. See Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).

remedies in the form of prison grievance procedures. See Tillman v. Lebanon Cty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000).[3] To the extent that Bowens claimed that his grievances were wrongfully denied, he has not alleged the denial of a federal right. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); see also Woods v. City of Michigan City, Ind., 940 F.2d 275, 285 (7th Cir. 1991) ("Due process does not guarantee 'right' substantive outcomes or correct conclusions of law."). To the extent that Bowens raised a substantive due process claim, he failed to allege that the defendants' confiscation of his papers shocks the conscience. See Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008).

Bowens' remaining claims also lack merit. His single, bald assertion that the defendants were deliberately indifferent to his serious mental health needs, and failed to protect him from harm, is insufficient to state an Eighth Amendment claim. See generally Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017). To the extent that his Eighth Amendment claim is based on the confiscation of his mental health reports, the claim fails because Bowens did not plausibly allege that the confiscation "result[ed] in the denial of the minimal civilized measure of life's necessities." See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) (quotation marks and citations omitted). Finally, Bowens has not alleged the violation of any specific

---

[3] Additionally, Bowens may submit a records request to obtain documents issued or retained by the state, see 65 Pa. Stat. §§ 67.301 et seq., and may pursue state tort law claims.

6

fundamental right that might be protected by the Ninth Amendment. See Murray, 650

F.3d at 247 (citing Griswold v. Connecticut, 381 U.S. 479, 493 (1965) (Goldberg, J.,

concurring)).[4]

Accordingly, we will summarily affirm the judgment of the District Court.

Bowens' motion for appointment of counsel is denied. See generally Tabron v. Grace, 6

F.3d 147, 155 (3d Cir. 1993). Bowens' motion to supplement the record is denied. See

generally Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013).[5]

---

[4] Under the circumstances of this case, the District Court properly denied leave to amend.
See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

[5] Bowens' motion to supplement the record includes an unsigned prison form regarding
the return of his property. Because we have accepted as true Bowens' allegation that the
defendants never returned the property at issue, see Iqbal, 556 U.S. at 678, the prison
form would not change our analysis above.